UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                                                                              Plaintiff

v.                                                                              Criminal Action No. 4:24-CR-23-RGJ-HBB

GREGORY NUCKOLS                                                                                                    Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Motion of Defendant, Gregory Nuckols ("Nuckols" or "Defendant"), to review and revoke the Magistrate Judge's detention order. [DE 141]. The United States responded. [DE 153]. This matter is now ripe for adjudication. The Court has reviewed the parties' filings, the full audio of the detention hearing, and has sufficient information. For the reasons set forth below, no hearing is necessary and Defendant's motion [DE 141] is **DENIED**.

**I.    BACKGROUND**

On August 6, 2024, a grand jury issued an Indictment charging eight individuals, including Nuckols, with Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). [DE 1]. Nuckols was arraigned on August 15, waived his right to a detention hearing, and was ordered to remain in the custody of the United States Marshals Service. [DE 38]. A Superseding Indictment was issued in this case on October 16, 2024 with the same charge against Nuckols, plus additional charges against other co-defendants. [DE 62]. Nuckols filed a motion for release from custody on October 30, 2024 [DE 89] and was arraigned on the Superseding Indictment on November 6, 2024. [DE 99]. United States Magistrate Judge H. Brent Brennenstuhl held a detention hearing on November 13, 2024

1

and entered an Order of Detention Pending Trial pursuant to 18 U.S.C. § 3142. [DE 105, DE 106]. On April 25, 2025, Nuckols filed the instant motion. [DE 141]. He argues the Magistrate Judge's order did not check any of the boxes pertaining to the reasons for his detention other than the defendant failing to overcome the presumption and no reasons were written. [*Id.*] He also argues he has lived in Owensboro his entire life, is disabled, and would like to seek treatment for a drug problem, after which time he can be placed on home confinement with GPS ankle monitoring. [*Id.*] The United States responded in opposition. [DE 153].

## II.  STANDARD OF REVIEW

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." This Court reviews a Defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 81 (2d Cir.1985).

Under the Bail Reform Act, a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will *reasonably assure* the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(emphasis added); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004)(noting that the requirement is not one of "guarantee," but instead "reasonable assurance"). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the district court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

2

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g)(1)-(4). A judge's finding that no set of conditions will reasonably assure the appearance of the person and/or the defendant poses a threat to the safety of any other person in the community must be supported by clear and convincing evidence. *Id.* at § 3142(f)(2)(B). Proof of risk for flight is determined by a preponderance of the evidence. *United States v. Kirk*, No. 93-1459, 1993 US App. LEXIS 12069 at 2 (6th Cir May 13, 1993).

**III.    DISCUSSION**

    **1.  Presumption of detention under § 3142(e).**

Section 3142(e) of the Bail Reform Act requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in certain types of cases. Specifically, when the judicial officer finds that there is probable cause to believe that the defendant committed one of the crimes listed in § 3142(e)(3), there is a presumption in favor of detention: "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably

3

assure the appearance of the person as required and the safety of the community." *Id*. at § 3142(e)(3). The presumption of § 3142(e)(3) imposes a burden of production on the defendant, requiring the defendant to come forward with evidence that he poses no danger to the community or is a risk of flight. However, even when a defendant satisfies his burden of production, the presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the court. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). It is the government's ultimate burden to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. *Id*. at 947.

The Superseding Indictment charges Nuckols with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) which is an offense listed in 3142(e)(3)(A) which carries a maximum term of imprisonment of 10 years or more and prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). The Superseding Indictment is sufficient to establish probable cause to believe Nuckols committed the charged offense. *Stone*, 608 F.3d at 945 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) and stating "[a] grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged."). This finding of probable cause triggers the presumption of detention under §3142(e)(3). Additionally, both parties agreed during the detention hearing and in the present briefing that this is a presumption case. Accordingly, it is undisputed that the presumption of detention applies.

At the detention hearing, Nuckols argued that he could rebut the presumption of detention. Nuckols asserted he is a life-long resident of the community and has family in the community. He also asserted that he struggles with drug addiction and would like to seek treatment at Owensboro Regional Recovery. He has completed treatment in the past but has had relapses in addiction. As

4

to danger to the community, he argued his criminal history is not violent. As the Magistrate Judge found, the Court does not find that these factors overcome the presumption, but even if they had, the presumption remains a factor to be considered by the Court along with the other factors listed in § 3142(g). The Court will examine each factor in turn.

2. **Factors to be considered under § 3142(g).**

   i. Nature and circumstances of the offense charged.

First, the Court considers "the nature and circumstances of the offense charged," but this is especially significant in instances where "the offense . . . involves a controlled substance, [or a] firearm." 18 U.S.C. § 3142(g)(1). Here, the nature and circumstances of the offense charged are serious and pertain to the defendant's involvement with conspiracy to distribute methamphetamine. The United States proffered at the detention hearing that Nuckols is charged with conspiring to bring large quantities of methamphetamine into the district. Accordingly, this factor weights in favor of a finding of detention.

   ii. Weight of the evidence against the Defendant.

Second, as to the weight of the evidence against Nuckols, this factor specifically refers to the weight of the evidence of dangerousness and not the weight of the evidence of guilt. *Stone*, 608 F.3d at 948. Here, Nuckols's criminal history indicates a risk of re-offending and of violating release, as he has previous violations of probation, and his prior criminal history includes multiple trafficking charges which are much like the charges levied in this case. This history evidences a danger to the community, in addition to the charge itself which involves large quantities of methamphetamine. The Court finds, as the Magistrate Judge did at the detention hearing, substantial evidence of Nuckols's dangerousness. Accordingly, this factor weighs in favor of detention.

      iii. History and characteristics of the Defendant.

 Third, the Court considers the history and characteristics of Nuckols which include a wide range of factors such as the defendant's character, family ties, employment, financial resources, criminal history, and whether, at the time of the current offense or arrest, the defendant was on release pending trial. Here, Nuckols is a life-long resident of the community and has family ties in the community. He has participated in drug treatment programs without success. He has a significant history previous drug trafficking convictions as well as violations of probation. He also now seeks additional drug treatment and then home confinement.

 Finally, the Court considers whether Nuckols was "on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law" at the time of the current offense or arrest. 18 U.S.C. § 1342(g)(3)(b). He was placed on shock probation in 2020 but the record is not clear as to whether Nuckols was on shock probation at the time of the current alleged offense. Nonetheless, this factor, overall, weighs in favor of detention.

      iv. Nature and seriousness of the danger to any person or the community.

 Fourth, the nature and seriousness of the danger to any person or the community that would be posed by Nuckols's release must be considered. Given Nuckols' criminal history and repeated bond and probation violations, the Court finds, as the Magistrate Judge did at the detention hearing that this factor weighs in favor of detention. Further, given his history, it does not appear Nuckols would be able to be supervised. The Court does not find that a GPS ankle monitor and home confinement to be sufficient to assure the risk to the community.

## IV. CONCLUSION

After reviewing the relevant materials *de novo*, and the audio recording from Magistrate Judge's detention hearing, the Court concludes that there is no condition or combination of conditions to reasonably assure the safety of the community and the appearance of Nuckols; therefore, Nuckols should remain in the custody of the United States Marshals Service pending trial of this matter.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Revoke Detention Order [DE 141] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

May 15, 2025

Copies to:   Counsel of record
             Probation Office